**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ROBERT ANDREW MONROE,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF TAPP,[1]<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-CV-228-TRM-CHS |

**MEMORANDUM & ORDER**

Plaintiff, an inmate of the Roane County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that (1) on May 29, 2025, unnamed officers used force against him and injured him, after which they called Defendant Chief Tapp "and bragged about" the use of force, and (2) on September 17, 2021, Defendant Chief Tapp "breached (Plaintiff's) account an(d) stole at least 100,000 cakedefi."[2] (Doc. 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. 4) and a motion requesting a lien on officers of the Roane County Jail based on allegations that are unrelated to this action. (Doc. 8.) For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) will be **GRANTED** and this action will be

---

[1] The Court's docket lists the Harriman County Police Department as a Defendant. However, it appears that Plaintiff listed this entity in his complaint only to state that it is the entity that employs Defendant Chief Tapp (Doc. 1 at 1–2). But even if Plaintiff intended to sue this entity, it is not subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citation omitted). Also, nothing in the complaint suggests that any incident therein occurred due to a custom or policy of Harriman County, such that this municipality could be liable for the allegations in the complaint under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").

[2] It appears that this is a reference to cryptocurrency.

**DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983. As such, Plaintiff's motion for a lien (Doc. 8) will be **DENIED as moot**.

## I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) that he cannot pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28

U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, pro se filers must abide by "basic pleading standards(,)" and "(l)iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

**1. Statute of Limitations**

First, it appears from the face of the complaint that the claims therein are untimely, as they occurred more than a year prior to Plaintiff filing the instant action. Specifically, district courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th

Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

Federal law governs when the statute of limitations begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). The Sixth Circuit has stated that, in determining when the statute of limitations begins to run, courts look to "what event should have alerted the typical lay person to protect his or her rights." *Dibrell v. Rex*, No. 25-5334, 2025 WL 3285587, at *3 (6th Cir. Nov. 25, 2025) (quoting *Beaver St. Invs., LLC v. Summit County*, 65 F.4th 822, 826 (6th Cir. 2023)). It is appropriate for a district court to dismiss claims that are time-barred at screening. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) (affirming district court's dismissal of time-barred claims at screening); *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (affirming district court's dismissal of claims as time barred at screening and stating that, "(i)f a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*") (citation omitted).

The events underlying Plaintiff's complaint occurred on May 29, 2025, and September 17, 2021. (Doc. 1, at 2–3.) However, Plaintiff did not file his complaint until July 10, 2026. (*Id.* at 3.) Accordingly, it appears from the face of the complaint that Plaintiff's claims are time-barred. Nevertheless, even if Plaintiff's allegations were timely, they fail to state a plausible claim for violation of § 1983 for the reasons set forth below.

**2. Official-Capacity Claims**

To the extent that Plaintiff sued Defendant Chief Tapp in his official capacity, this is the equivalent of suing Harriman County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the

entity"); *Monell*, 436 U.S. at 690 n.55 ("(O)fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But as set forth above, the complaint does not plausibly allege that any custom or policy of Harriman County caused the incidents alleged in the complaint, such that this municipality could be liable under § 1983 for those incidents. *Monell*, 436 U.S. at 694. Accordingly, any claims against Defendant Chief Tapp in his official-capacity claims fail to state a claim upon which relief may be granted under § 1983, and they are **DISMISSED**.

### 3. Individual Capacity Claims

To the extent that Plaintiff seeks to hold Defendant Chief Tapp liable under § 1983 in his individual capacity, he must plausibly allege that Defendant Chief Tapp, through his own actions, violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Thus, to the extent that Plaintiff seeks to hold this Defendant liable for the acts of the officers who used excessive force against him based on his supervisory position, that is not a theory under which these Defendants may be liable under § 1983. *Iqbal*, 556 U.S. at 676 ("(O)ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

Moreover, while Plaintiff alleges that one of the officers who used force on Plaintiff called Defendant Chief Tapp to "brag" about the use of force, he does not set forth any facts about what the officer told Defendant Chief Tapp, what Defendant Chief Tapp's reaction was to what the officer said, or otherwise plausibly assert that Defendant Chief Tapp authorized, approved, or knowingly acquiesced to any use of excessive force on Plaintiff. *Troutman v. Louisville Metro*

*Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted).

Additionally, while Plaintiff alleges in his complaint that Defendant Chief Tapp took Plaintiff's "cakedefi," the United States Supreme Court has held that when a government employee randomly deprives an individual of property, that taking does not violate that the Due Process Clause of the Fourteenth Amendment, if the State provides a post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not pled that Tennessee's procedures are inadequate to address Defendant Chief Tapp's alleged taking of his property, as he must do to state a plausible claim regarding deprivation of property. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

Accordingly, any claims against Defendant Chief Tapp in his individual capacity are also **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

4. Plaintiff's motion for a lien (Doc. 8) is **DENIED as moot**; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**